**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AVE MARIA DLUBAK,<br>    Plaintiff,<br><br>   v.<br><br>THE CINCINNATI INSURANCE COMPANY,<br>    Defendant. | CASE NO.: 2:26-cv-00076<br><br>JURY TRIAL DEMANDED |

**DEFENDANT'S ANSWER WITH AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant, The Cincinnati Insurance Company ("Cincinnati"), by and through their undersigned counsel, Horst Krekstein & Runyon LLC, respectfully submits this Answer with Affirmative Defenses to Plaintiff's Complaint, and avers as follows:

1. Denied. After reasonable investigation, Cincinnati without sufficient information to determine the truth or falsity of the allegations, therefore, they are denied, and strict proof thereof is demanded at trial if deemed relevant.

2. Admitted in part, denied in part. It is admitted that Plaintiff is a named insured on Executive Captone Homeowner policy number H01 0495908, with a policy period of November 20, 2021 to November 20, 2022 (the "Policy"). The remaining allegations are denied and strict proof thereof is demanded at trial if deemed relevant.

3. Admitted.

4. Admitted.

5. Denied. The allegations are denied and strict proof thereof is demanded at trial if deemed relevant.

## JURISDICTION AND VENUE

6. Admitted. By way of further answer, this action was properly removed to the Western District of Pennsylvania pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

7. Admitted. By way of further answer, this action was properly removed to the Western District of Pennsylvania pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

## FACTUAL BACKGROUND

8. Admitted in part, denied in part. It is admitted that Cincinnati issued the Policy, and Plaintiff paid premiums to Cincinnati. It is further admitted that the Policy referenced by Plaintiff is a writing which speaks for itself, any characterization of which by Plaintiff is specifically denied. The remaining allegations are denied and strict proof thereof is demanded at trial if deemed relevant.

9. Admitted in part, denied in part. It is admitted that Plaintiff presented a claim to Cincinnati with a reported date of loss of May 7, 2022. The remaining allegations are denied and strict proof thereof is demanded at trial if deemed relevant.

10. Denied. After reasonable investigation, Cincinnati without sufficient information to determine the truth or falsity of the allegations, therefore, they are denied, and strict proof thereof is demanded at trial if deemed relevant.

11. Denied. After reasonable investigation, Cincinnati without sufficient information to determine the truth or falsity of the allegations, therefore, they are denied, and strict proof thereof is demanded at trial if deemed relevant.

12. Denied. The allegations are denied and strict proof thereof is demanded at trial if deemed relevant.

13. Admitted in part, denied in part. It is admitted that Cincinnati issued a letter denying coverage on June 14, 2022. It is further admitted that the letter referenced by Plaintiff is a writing which speaks for itself, any characterization of which by Plaintiff is specifically denied.

14. Admitted in part, denied in part. It is admitted that Cincinnati referenced the findings of its engineer in the letter issued on June 14, 2022. It is further admitted that the letter referenced by Plaintiff is a writing which speaks for itself, any characterization of which by Plaintiff is specifically denied.

15. Admitted in part, denied in part. It is admitted that Cincinnati referenced the exclusion for faulty, inadequate, or defective design, materials, or maintenance in the letter sent on June 14, 2022. It is further admitted that the letter referenced by Plaintiff is a writing which speaks for itself, any characterization of which by Plaintiff is specifically denied.

16. Admitted in part, denied in part. It is admitted that the Policy referenced by Plaintiff is a writing which speaks for itself, any characterization of which by Plaintiff is specifically denied.

17. Admitted in part, denied in part. It is admitted that the Policy referenced by Plaintiff is a writing which speaks for itself, any characterization of which by Plaintiff is specifically denied.

18. Denied. After reasonable investigation, Cincinnati without sufficient information to determine the truth or falsity of the allegations, therefore, they are denied, and strict proof thereof is demanded at trial if deemed relevant.

19. Denied. After reasonable investigation, Cincinnati without sufficient information to determine the truth or falsity of the allegations, therefore, they are denied, and strict proof thereof is demanded at trial if deemed relevant.

20. Denied. The allegations are denied and strict proof thereof is demanded at trial if deemed relevant.

21. Denied. The allegations are denied and strict proof thereof is demanded at trial if deemed relevant.

22. Denied. The allegations are denied and strict proof thereof is demanded at trial if deemed relevant.

## COUNT I
## BREACH OF CONTRACT

23. Cincinnati incorporates by reference the responses contained in Paragraphs 1 through 22 above as though more fully set forth herein at length.

24. Admitted in part, denied in part. It is admitted that the Policy referenced by Plaintiff is a writing which speaks for itself, any characterization of which by Plaintiff is specifically denied.

25. Denied. The allegations are denied and strict proof thereof is demanded at trial if deemed relevant.

26. Denied. The allegations are denied and strict proof thereof is demanded at trial if deemed relevant.

27. Denied. The allegations are denied and strict proof thereof is demanded at trial if deemed relevant.

28. Denied. The allegations are denied and strict proof thereof is demanded at trial if deemed relevant.

WHEREFORE, Cincinnati demands judgment in its favor, dismissing Plaintiff's Complaint with prejudice and awarding such other relief, including attorneys' fees, as the Court deems equitable and just.

## COUNT II
## DECLARATORY JUDGMENT

29. Cincinnati incorporates by reference the responses contained in Paragraphs 1 through 28 above as though more fully set forth herein at length.

30. Denied. The allegations are denied and strict proof thereof is demanded at trial if deemed relevant.

31. Denied. The allegations are denied and strict proof thereof is demanded at trial if deemed relevant.

32. Denied. It is specifically denied that Plaintiff is entitled to a declaration under 42 Pa.C.S. §§ 7532 and 7538 that: (a) the Policy covers the loss and resulting damages; (b) Cincinnati's reliance on the "faulty workmanship" exclusion was improper; and (c) Plaintiff is entitled to full benefits under the Policy.

WHEREFORE, Cincinnati demands judgment in its favor, dismissing Plaintiff's Complaint with prejudice and awarding such other relief, including attorneys' fees, as the Court deems equitable and just.

## COUNT III
## BAD FAITH

33. Cincinnati incorporates by reference the responses contained in Paragraphs 1 through 32 above as though more fully set forth herein at length.

34. Denied. The allegations are denied and strict proof thereof is demanded at trial if deemed relevant.

35. Denied. The allegations are denied and strict proof thereof is demanded at trial if deemed relevant.

36. Denied. The allegations are denied and strict proof thereof is demanded at trial if deemed relevant.

37. Denied. The allegations are denied and strict proof thereof is demanded at trial if deemed relevant.

WHEREFORE, Cincinnati demands judgment in its favor, dismissing Plaintiff's Complaint with prejudice and awarding such other relief, including attorneys' fees, as the Court deems equitable and just.

## AFFIRMATIVE DEFENSES

Cincinnati, by and through its counsel, Horst Krekstein & Runyon LLC, hereby asserts the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every count asserted, fails to state a cause of action against Cincinnati upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the terms, exclusions, provisions, agreements, conditions and limitations contained in the Policy issued by Cincinnati to Plaintiff. Cincinnati is entitled to the benefit of all defenses that exist in the Policy. Cincinnati incorporates by reference herein all the terms and conditions of the Policy.

## THIRD AFFIRMATIVE DEFENSE

Cincinnati has performed all of its duties and obligations existing under the Policy and under the law.

## FOURTH AFFIRMATIVE DEFENSE

At all times relevant, Cincinnati's conduct and actions were reasonable, justified, and in accord with Pennsylvania statutes and regulations.

## FIFTH AFFIRMATIVE DEFENSE

Cincinnati has not acted in bad faith or otherwise violated 42 Pa. C.S. § 8371.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's alleged loss is excluded and did not result from a Covered Cause of Loss under the Policy.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred or limited by material breach of the following provisions contained in the Policy which prejudiced Cincinnati:

**2. Your Duties After Loss**

In case of a "physical loss" to Covered Property, "we" have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to "us". These duties must be performed either by "you", or "your" representative, or by an "insured" seeking coverage, if not "you".

**a.** Give immediate notice to "us" or "our" agent;

**b.** Notify the appropriate law enforcement agency in case of:

**(1)** "Physical loss" by theft;

**(2)** An "identity theft"; or

**(3)** A "kidnap and ransom event".

**c.** Notify the credit card, electronic fund transfer card or access device company in case of loss of funds under the Credit Card, Electronic Fund Transfer Card or Access Device, Forgery and Counterfeit Money coverage;

**d.** Protect the Covered Property from further damage. If repairs to the Covered Property are required, "you" must:

**(1)** Make reasonable and necessary repairs to protect the Covered Property; and

       **(2)** Keep an accurate record of repair expenses;

**e.** Cooperate with "us" in the investigation of a claim;

**f.** Prepare an inventory of damaged personal property showing the quantity, description, "actual cash value" and amount of "physical loss" and attach all bills, receipts and related documents that justify the figures in the inventory;

**g.** As often as "we" reasonably require:

    **(1)** Exhibit the damaged property;

    **(2)** Provide "us" with records and documents "we" request and permit "us" to make copies; and

    **(3)** Submit to examination under oath, while not in the presence of another "insured", and sign the same;

**h.** Submit to "us", within 60 days after "we" request, "your" signed, sworn proof of "physical loss" which sets forth, to the best of "your" knowledge and belief:

    **(1)** The time and cause of "physical loss";

    **(2)** The interests of all "insureds" and all others in the property involved and all liens on the property;

    **(3)** Other insurance which may cover the "physical loss";

    **(4)** Changes in title or occupancy of the property during the "coverage term";

    **(5)** Specifications of any damaged building and detailed estimates for repair of the damage;

    **(6)** An inventory of damaged personal property described in **2.f.** above;

    **(7)** Receipts for additional living expenses incurred and records supporting the fair rental value loss of income;

    **(8)** Evidence or affidavit supporting a claim under the Credit Card, Electronic Fund Transfer Card, or Access Device, Forgery and Counterfeit Money coverage, stating the amount and cause of the loss of funds;

    **(9)** Receipts, bills, a completed Federal Trade Commission Identity Theft Victim's Complaint and Affidavit and other records that support "your" or any other "insured's" claim for "identity theft expenses" under Identity Theft Expense and Advocacy Services coverage; or

    **(10)** Receipts, bills and other records that support "your" claim for "kidnap expenses".

Executive Capstone APA (10/16) pp. 27-28 of 44.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the following provisions of the Policy:

**C. Section I - Exclusions**

    **1.** "We" do not insure "physical loss" caused by:

        **f.** Faulty, inadequate or defective:

            **(1)** Planning, zoning, development, surveying, siting;

            **(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

            **(3)** Materials used in repair, construction, renovation or remodeling; or

            **(4)** Maintenance;

            of part or all of any property whether on or off the "residence premises".

        **g.** Constant or repeated seepage or leakage of water or the presence or condensation of humidity, moisture or vapor, over a period of weeks, months or years unless such seepage or leakage of water or the presence or condensation of humidity, moisture or vapor and the resulting damage is unknown to all "insureds" and is hidden within the walls or ceilings or beneath the floors or above the ceilings of a structure.

Executive Capstone APA (10/16) pp. 24-25 of 44.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred or limited by the Policy's Additional Coverages and Limitations for fungi, wet or dry rot, or bacteria. Executive Capstone APA (10/16) p. 17 of 44, HR929 (10/04).

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the following provisions of the Policy:

    **8. Legal Action Against Us**

> No legal action can be brought against "us" unless there has been full compliance with all of the terms under Section **I** of this policy and the action is started within two years after the date of "physical loss".

Executive Capstone APA (10/16) pp. 29 of 44.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred or limited by the applicable statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred if the loss or damage did not commence during the policy period shown in the Policy Declarations.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claimed damages are inaccurate and/or excessive.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent it is determined that any further coverage is due and owing, which Cincinnati denies, loss settlement is controlled by the applicable policy limits, valuation provisions and requirements contained in the Policy.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is unconstitutional under both the United States Constitution and pursuant to the Constitution of the Commonwealth of Pennsylvania.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to join an indispensable party to the litigation.

**WHEREFORE**, Cincinnati demands judgment in its favor, dismissing Plaintiff's Amended Complaint with prejudice and awarding such other relief, including attorneys' fees, as the Court deems equitable and just.

                                                  **HORST KREKSTEIN & RUNYON LLC**

Dated: January 21, 2026       **BY:**   */s/William Krekstein*
                                                           WILLIAM O. KREKSTEIN, ESQUIRE
                                                           PA ID: 69149
                                                          610 W. GERMANTOWN PIKE, STE. 350
                                                          PLYMOUTH MEETING, PA 19462
                                                          484-243-6868
                                                          wkrekstein@hkr.law

                                                          ATTORNEY FOR DEFENDANT,
                                                          THE CINCINNATI INSURANCE COMPANY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **AVE MARIA DLUBAK,**<br>       **Plaintiff,**<br><br>    **v.**<br><br>**THE CINCINNATI INSURANCE COMPANY,**<br>       **Defendant.** | **CASE NO.: 2:26-cv-00076**<br><br>**JURY TRIAL DEMANDED** |

**CERTIFICATE OF SERVICE**

    I, William O. Krekstein, Esquire, hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Western District of Pennsylvania by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                   **HORST KREKSTEIN & RUNYON LLC**

Dated: <u>January 21, 2026</u>        **BY:**   <u>*/s/William Krekstein*</u>
                                                  William O. Krekstein, Esquire